IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 9:07-CR-52(1) |
| | § | |
| KRISTOPHER CASEY ROBBINS | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 3, 2012, and amended on May 25, 2012, alleging that the Defendant, Kristopher Casey Robbins, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on November 24, 2008, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of 18 U.S.C. § 472 (Passing a Counterfeit Obligation, a Class C felony). The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. The Defendant was sentenced to 30 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial

disclosure, drug treatment and testing, mental health treatment, and a $100 mandatory special assessment.

## II. The Period of Supervision

On June 30, 2011, Robbins completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the original Petitions for Warrant for Offender Under Supervision alleging two violations: 1) that Defendant did not report to the probation officer as directed by the Court or probation officer, and did not submit a truthful and complete written report within the first five days of each month; 2) the Defendant did not notify the probation officer ten days prior to any change of residence or employment. The amended petition alleges a third (unnumbered) violation that the Defendant violated terms of release by committing a new crime (driving while intoxicated, Montgomery County Cause No. 12-278671), not notifying the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, associating with another convicted felon without permission of the U.S. probation officer or the court, and leaving the judicial district without the permission of the court or the probation officer.

## IV. Proceedings

On May 21, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the unnumbered allegation in the amended petition, which asserted that he violated a mandatory condition of supervised release when he committed a federal, state or local crime. The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment. The Defendant shall serve half of that sentence of imprisonment (four (4) months) on home confinement as a condition of supervised release. The term of supervised release should commence immediately after release from his confinement in the Bureau of Prisons, and run concurrently with his term of home confinement.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by committing Driving While Intoxicated, Montgomery County Cause No. 12-278671, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides

that in the case of revocation of supervised release based on a Grade C violation and a criminal history of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment under U.S.S.G. § 7B1.4 is more than six months, but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 3 years.

Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. U.S.S.G. § 7B1.3(g)(2). The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by committing Driving While Intoxicated, Montgomery County Cause No. 12-278671. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. Policy guidelines suggest 7 to 13 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to

adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of eight (8) months' imprisonment. It is recommended that the Defendant's first four months of his term of imprisonment be spent at a Bureau of Prisons facility, and his final four months will be spent in home confinement with a mandatory monitoring device.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends a twenty-four month (24) term of supervised release to follow the Defendant's release from BOP custody. It shall run concurrently with his 4 month term of home confinement.

### VII. Recommendations

1. The Court should find that the Defendant violated a standard condition of supervised release by committing Driving While Intoxicated, Montgomery County Cause No. 12-278671.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

3. The Defendant should be sentenced to a term of imprisonment of eight (8) months. The Defendant should be imprisoned in a Bureau of Prisons facility for the first four (4) months, and sentenced to home confinement with mandatory monitoring device for the final four (4) months of this eight month term. He should be sentenced to a twenty-four (24) month term of supervised release to follow the Defendant's release from prison that should run concurrently with his home confinement sentence.

4. The Defendant has requested to serve his term of imprisonment at a contract prison facility near Conroe, Texas to facilitate family visitation. The undersigned requests the Court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 24th day of May, 2013.

_____
Zack Hawthorn
United States Magistrate Judge